Killian v A.C. & S., Inc. (2022 NY Slip Op 04610)

Killian v A.C. & S., Inc.

2022 NY Slip Op 04610

Decided on July 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 19, 2022

Before: Gische, J.P., Mazzarelli, Oing, González, JJ. 

Index No. 114345/02 Appeal No. 13732 Case No. 2020-03894 

[*1]Julia Mary Killian, as Administrator of the Estate of Charles Grunert, Plaintiff-Respondent,
v
A.C. and S., Inc. (Armstrong Contracting & Supply), et al., Defendants, American Biltrite Inc., Defendant-Appellant.

Manning Gross + Massenburg, LLP, New York (Justin A. Reinhardt of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Alani Golanski of counsel), for respondent.

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered August 22, 2019, which denied defendant American Biltrite, Inc.'s motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff Charles L. Grunert (decedent) was diagnosed with lung cancer in March 2016 and died in April 2018. The complaint alleges that decedent's exposure to asbestos products, including Amtico floor tiles manufactured by defendant American Biltrite, Inc. (ABI), contributed to the development of his cancer. At his deposition, decedent, a carpenter, testified that he was exposed to asbestos at numerous times in his life, including when he installed vinyl floor tiles.
Because there are no triable issues of fact as to specific causation, summary judgment dismissing the action as against ABI should be granted (see Dyer v Amchem Prods. Inc., __AD3d __ , Appeal No. 13739 [2022] [decided herewith]).
In Nemeth v Brenntag N. Am. (___ NY3d ___, 2022 NY Slip Op 02769 [2022]), the Court of Appeals, while recognizing its conclusion in Parker v Mobil Oil Corp. (7 NY3d 434 [2006]) that precise qualification of exposure to a toxin is not always required, stated that causation nonetheless requires plaintiff to provide proof of "sufficient exposure to a substance to cause the claimed adverse health effect" (Nemeth, 2022 NY Slip Op 02769, at *1, quoting Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d 762, 784 [2014]; see Dyer v Amchem Prods., Inc., Appeal No. 13739 [decided herewith]).
Plaintiff asserts that Amtico was one of six brands of vinyl flooring installed by decedent. Each time decedent was asked specifically and directly as to whether he had worked with Amtico tile, however, he responded "no" or "I don't know."
Plaintiff challenges the opinion proffered by ABI's expert, who relied upon calculations arising from experiments funded by defendants, in determining that decedent was exposed, if at all, to asbestos in amounts similar to those in ambient air, an exposure insufficient to cause cancer. While the reliability of those calculations could pose an issue of credibility, the fact that they were performed by a paid expert does not automatically invalidate their conclusions. Plaintiff offered no expert to counter ABI's calculation of decedent's cumulative lifetime exposure, and thus no question of fact was raised as to its validity (compare Ford v A.O. Smith Water Prods., 173 AD3d 602, 602-603 [1st Dept 2019]). Under these circumstances, decedent's testimony concerning his exposure to ABI's brand of tile is not sufficient to raise an issue of fact whether he was exposed to sufficient quantities of respirable asbestos from ABI's product to cause his particular type of lung cancer.
In view of the foregoing, we need not reach the other issues raised by ABI. THIS CONSTITUTES THE DECISION AND ORDER
OF [*2]THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 19, 2022